# In the United States Court of Federal Claims

|                              |   |                         |
|------------------------------|---|-------------------------|
| STEPHANIE M. HORNER,         | ) |                         |
|                              | ) |                         |
| Plaintiff,                   | ) |                         |
|                              | ) | No. 25-300              |
| v.                           | ) | (Filed: February 28, 2025) |
|                              | ) |                         |
| THE UNITED STATES OF AMERICA,| ) |                         |
|                              | ) |                         |
| Defendant.                   | ) |                         |

## ORDER

On February 18, 2025, plaintiff Stephanie M. Horner, appearing pro se, filed her complaint in this court. Compl., ECF No. 1. Ms. Horner seeks $7 million in damages from the State of Michigan for alleged violations of the Eighth Amendment committed by representatives of the state's Children's Protective Services program. Compl. at 1–2. She also seeks to regain custody of her children. Id.

It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Furthermore, the Court has an independent obligation to satisfy itself of its jurisdiction. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Having reviewed the complaint, the Court finds that it lacks subject-matter jurisdiction and is obligated to dismiss the case on that ground.

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Ms. Horner's allegations concern actions by the State of Michigan and its agencies, but the United States is the only proper defendant in the Court of Federal Claims. See United States v. Sherwood, 312 U.S. 584, 588 (1941).

Therefore, Ms. Horner's complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. Her application to proceed in forma pauperis, which was filed on February 26, 2025, ECF No. 6, is **GRANTED** solely for purposes of dismissing the case.

2

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan  
ELAINE D. KAPLAN  
Chief Judge